# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2116
_____

United States of America

*Plaintiff - Appellee*

v.

Andre Corbett, also known as Kirby

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 14, 2022
Filed: June 14, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Andre Corbett appeals his 24-month sentence following revocation of his supervised release, claiming the district court[1] erred when it considered out-of-court statements made by his estranged girlfriend. We affirm.

_____

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

## I.    BACKGROUND

On March 27, 2021, while on supervised release, Corbett was stopped by law enforcement and cited for driving with a suspended license. Even though Corbett was required to report all contact with law enforcement to his supervising officer, there is no evidence he complied with that condition of his release.

On April 1, 2021, Sergeant James Trainor with the Iowa State Patrol stopped a cream-colored Chrysler for speeding. As Sergeant Trainor approached the Chrysler, a maroon SUV pulled in behind his patrol car. A female in the SUV began yelling at Sergeant Trainor. While Sergeant Trainor was informing the woman that he needed her to get away because he was involved in a traffic stop, the driver of the Chrysler drove off. Sergeant Trainor pursued the Chrysler, eventually pulling alongside it and observing the driver, whom he later identified as Corbett. Corbett failed to stop and successfully evaded the police.

Shortly after the chase, Raeven Taylor arrived at the Cedar Rapids Police Department and reported to Officer Blair Klostermann that Corbett had assaulted her at home approximately twenty minutes earlier. Taylor told Officer Klostermann that while she was trying to call the police, Corbett punched her, pulled her hair, attempted to take her cell phone, and then sped off in a cream-colored vehicle with no license plates. Taylor recounted that while on her way to the police station, she saw Corbett being pulled over by law enforcement. She reported that she watched Corbett flee from the police, and promptly came to the station. Taylor permitted Officer Klostermann to photograph the bruises on her arms and neck, which she stated were the result of Corbett's assault. Officer Klostermann noted the bruises were fresh. Taylor also provided a written statement about the incident.

On April 8, 2021, Corbett was arrested on a warrant for violating his supervised release conditions. The petition alleged that Corbett had committed three new violations of the law: driving with a suspended license, committing domestic assault, and obstructing emergency communications by confiscating Taylor's phone

while she attempted to call the police. The petition also alleged that Corbett had failed to report to his supervising officer his interaction with law enforcement after he received the citation for driving with a suspended license.

The government had difficulty serving a subpoena on Taylor, resulting in a continuance of the final revocation hearing. Officers never successfully subpoenaed Taylor, nor were they able to locate her. At the hearing, the government offered the testimony of Sergeant Trainor and Officer Klostermann, video footage from the chase, and Taylor's in-person report to Officer Klostermann. Corbett objected to the admission of Taylor's out-of-court statements.

The district court overruled Corbett's objection, finding that Taylor was an unavailable witness whose statements were sufficiently reliable to be admitted as substantive evidence. At the close of evidence, the government abandoned the alleged violation that Corbett drove with a suspended license. The court found the other alleged violations—that Corbett assaulted Taylor, obstructed an emergency communication, and failed to report contact with law enforcement to his probation officer—had been proven by a preponderance of the evidence. While the government did not pursue the driving with a suspended license allegation, the court informed the parties that it was going to consider "the attachments to the First Supplemental and Substituted Petition to Revoke Supervision," which included an Iowa Uniform Citation and Complaint form indicating Andre Corbett had been cited by law enforcement on March 27, 2001, at 12:20 a.m. for driving with a suspended license, in violation of Iowa Code § 321.218(1). No objection to the consideration of the attachments was raised by Corbett below or on appeal. The court imposed a 24-month straight-time sentence with no supervision to follow. Corbett appeals.

## II. DISCUSSION

Corbett contends the district court erred when it found Taylor was an unavailable witness and admitted her out-of-court statements. Corbett believes that

without Taylor's testimony, the government failed to prove he violated his supervised release conditions. The record shows otherwise.

While the consideration of evidence that was never formally offered at the hearing might ordinarily cause us to pause, when the court announced it was going to consider the attachments to the petition, Corbett neither objected to admission of the evidence, nor did he raise the issue of admissibility on appeal. The attachments included a citation issued to Corbett for driving with a suspended license. On the face of the document, it indicates law enforcement reviewed the driver's license/identification of the driver stopped on March 27, 2021, at 12:20 a.m., and identified the driver as Andre Corbett. The driver's date of birth on the citation matches the date of birth listed on Corbett's presentence investigation report ("PSIR"). Likewise, the physical description of the cited driver is consistent with the description contained in Corbett's PSIR. Corbett has not challenged on appeal the district court's finding that he did not inform his supervising officer about his contact with law enforcement on March 27, 2021. Rather, he claims there was no evidence to corroborate that he was the person stopped. The evidence in the record is sufficient to support the district court's finding that Corbett was stopped and cited by law enforcement for driving under suspension on March 27, 2021, and that he did not report this contact with law enforcement to his supervising officer.

Because the record demonstrates a violation of Corbett's release terms without relying on Taylor's statements, we need not decide whether the court erred in admitting Taylor's out-of-court statements because the error, if any, was harmless. See United States v. Timmons, 950 F.3d 1047, 1051–52 (8th Cir. 2020) (discussing the harmless error standard in revocation proceedings). To the extent the district court considered Taylor's hearsay statements while determining Corbett's sentence, in the context of revocation proceedings, a defendant's confrontation rights are limited to the question of whether release should be revoked. "Due process generally does not require confrontation during sentencing following a conviction, and due process does not require any greater protection in the sentencing phase of a

revocation proceeding." <u>United States v. Busey</u>, 11 F.4th 664, 668 (8th Cir. 2021) (citation omitted).

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

_____